UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In re:

DENNIS EDUARDO TORRES and
DANIELLE LYN TORRES,

     Debtors.

ANGELA ANN ROBERTSON,

     Plaintiff,

vs.

DENNIS EDUARDO TORRES and
DANIELLE LYN TORRES,

     Defendants.

Case No. 25-00770-BRW

Chapter 7

Adv. No. 25-06060-BRW

**MEMORANDUM DECISION**

Appearances:

Angela Robertson, Nampa, Idaho, Plaintiff pro se.

Matthew W. Grimshaw, Grimshaw Law Group, Boise, Idaho, counsel for Defendants.

Defendants in this adversary proceeding and chapter 7 debtors in the underlying bankruptcy, Dennis Eduardo Torres and Danielle Lyn Torres (collectively, "Defendants" and individually as "Mr. Torres" or "Mrs. Torres"), filed their *Motion to Dismiss Amended Complaint* (Doc. No. 17) (the "Motion"). The Motion seeks dismissal of the Amended Complaint (Doc. No. 15) (the "Amended Complaint"), filed pro se by the Plaintiff Angela Ann Robertson ("Plaintiff"), pursuant to Federal Rule of Civil Procedure12(b)(6), incorporated to this

MEMORANDUM DECISION - 1

adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b).[1]

On March 26, 2026, the Court held a hearing on the Motion.  Plaintiff failed to file a response to the Motion but appeared at the hearing and opposed the relief sought in the Motion through her arguments to the Court.  At the conclusion of the hearing, the Court took the matter under advisement.

After considering the Amended Complaint, the applicable law, and arguments of the parties, the following constitutes the Court's decision on the Motion.  Rule 7052.  Based on the following analysis, the Motion is denied in part and granted in part.

## I. JURISDICTION, AUTHORITY, AND VENUE

The Court has subject matter jurisdiction over this adversary proceeding as referred to it by the district court pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  This adversary proceeding is a "core" proceeding and is within this Court's constitutional authority to adjudicate via final judgment or order.  28 U.S.C. § 157(b)(2)(I); *see also Dietz v. Ford (In re Deitz)*, 760 F.3d 1038, 1039 (9th Cir. 2014) (concluding bankruptcy courts have the constitutional authority to finally determine exception to discharge actions).  Finally, venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELEVANT FACTS

### A.  Procedural Background

Defendants filed the underlying chapter 7 bankruptcy case on September 26, 2025.  On November 24, 2025, Plaintiff filed an adversary proceeding, seeking to except from discharge a debt owed to her by Defendants.  The initial complaint (the "Complaint") consisted of the

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all citations to a "Rule" are to the Federal Rules of Bankruptcy Procedure. Additionally, all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM DECISION - 2

adversary coversheet, an attached exhibit containing a judgment, and a second exhibit containing a deposition. *See* Doc. No. 1 (listing the attachments). The Complaint did not otherwise provide an explanation of Plaintiff's claims. On the adversary coversheet, under "Cause of Action," Plaintiff indicated this was an adversary complaint under 11 U.S.C. § 727 and 541 based on a default judgment stating fraud and alter ego claims. Doc. No. 1-1. However, Plaintiff only checked the box for "Dischargeability" under § 523(a)(2) for false pretenses, false representation, and actual fraud. *Id.* On December 23, 2025, Defendants filed a Motion to Dismiss and Memorandum in Support (Doc. Nos. 9 and 10) pursuant to Civil Rule 12(b)(6), pointing out that no facts were alleged in the Complaint.

A telephonic hearing on this motion to dismiss was held on January 29, 2026, with appearances by counsel for Defendants and Plaintiff appearing pro se. At the January hearing, the Court noted that the Complaint did not satisfy pleading standards and granted the motion to dismiss without prejudice. *See* Doc. No. 12 (minutes stating the Court's oral ruling). However, the Court provided Plaintiff with 21 days to file an amended complaint. *Id.*

On February 18, 2026, Plaintiff timely filed her Amended Complaint, which seeks to except from discharge a debt owed to Plaintiff by Defendants pursuant to § 523(a)(2)(A), and cites § 727 as well. In response, Defendants filed the Motion and accompanying documents seeking dismissal without leave to amend because Plaintiff has already had the opportunity to cure the deficiencies, and yet, those deficiencies persist in the Amended Complaint. Defendants further point out in the Motion that there are no allegations in the Amended Complaint specifically against Mrs. Torres[2] and no allegations with respect to Plaintiff's apparent § 727

---

[2] Although the Amended Complaint lists Mr. Torres *and* Mrs. Torres as Defendants in the caption, the body of the Amended Complaint only contains allegations against Mr. Torres and his entity, Rawson Construction Group, LLC. Mrs. Torres is otherwise not mentioned. At the hearing held on the (Continued)

MEMORANDUM DECISION - 3

claims.[3]

### B. Factual Allegations as Stated in the Amended Complaint

The following are the allegations of the Amended Complaint, which the Court accepts as true for the purposes of the Motion in determining whether Plaintiff sufficiently stated a claim upon which relief may be granted.

Prior to this bankruptcy, on February 28, 2022, Plaintiff entered into an agreement with Mr. Torres and his entity, Rawson Construction Group LLC, ("Rawson") to build a barn for between $50,200 and $55,200 (the "Agreement").  Doc. No. 15 at ¶ 2, Ex. A at ¶¶ 4, 13.  At the time of the Agreement, Mr. Torres did not have an active contractor's license in the State of Idaho and knowingly entered into the Agreement without having a license.  Doc. No. 15 at ¶ 2.  Mr. Torres also created a website that listed several completed projects with photos; however, the projects detailed on the website were not his completed work.  Doc. No. 15 ¶ 2.  Plaintiff justifiably relied on Mr. Torres's representations and omissions and was damaged thereby when Mr. Torres failed to build the barn and Plaintiff was required to hire another contractor to do the work at a higher cost.  Doc. No. 15 at ¶ 2.

---

Motion on March 26, 2026, Plaintiff stated on the record that she was not pursuing a claim against Mrs. Torres.  Based on the lack of allegations against Mrs. Torres in the Amended Complaint combined with Plaintiff's statements on the record, the Motion will be granted and the claims against Mrs. Torres will be dismissed with prejudice.

[3] The Amended Complaint cites §§ 523 *and* 727 as a basis for the relief sought by Plaintiff.  However, on the Adversary Cover Sheet, Plaintiff checked the box indicating this is a proceeding under § 523(a)(2) and the Amended Complaint quotes § 523(a)(2)(A).  As to Plaintiff's claim under § 727, at the hearing on the Motion, Plaintiff confirmed and clarified that she is only seeking an exception to discharge under § 523(a)(2) for her claim rather than an objection to discharge under § 727 as to one or both Defendants.  Based on the lack of allegations under § 727 in the Amended Complaint and Plaintiff's statements on the record, the Motion will be granted, and the § 727 claims against Defendants are dismissed with prejudice.  Given this conclusion, the Court will not address the legal basis for a § 727 claim below.

MEMORANDUM DECISION - 4

Pursuant to the Agreement, Plaintiff deposited $28,900 with Mr. Torres and Rawson to secure their performance.  Doc. No. 15 at ¶ 2, Ex. A at ¶ 11.  At some point, the Agreement was terminated by Mr. Torres.  Doc. No. 15 at ¶ 2, Ex. A at ¶ 12.  After the Agreement was terminated, Mr. Torres wrongfully withheld the unearned deposit of $18,515.08 from Plaintiff.  Doc. No. 15 at ¶ 2, Ex. A at ¶ 11.  Mr. Torres had no intention of returning the funds after terminating the agreement.  Doc. No. 15 at ¶ 2.  After the Agreement was terminated, Plaintiff hired and paid a different contractor to build the same barn.  Doc. No. 15 at ¶ 2, Ex. A at ¶ 13.  The price of the bargained-for barn, as contemplated under the Agreement, was between $50,200 and $55,200 but ultimately cost $95,833 to construct.  *Id.*  Plaintiff was unaware and naïve to the impossibility of building the barn at the bargained-for price provided by Mr. Torres and incurred damages in paying the additional amount.  *Id.*

As a result of the misrepresentations and termination of the Agreement, Plaintiff initiated suit against Mr. Torres and Rawson and filed an Amended Verified Complaint in Idaho state court in May 2023.  Doc. No. 15 at ¶ 2, Ex. A at ¶ 4.  The lawsuit claimed Mr. Torres engaged in "fraud and fraud in the inducement" against Plaintiff in order to "get her to enter the parties' February 28, 2022 agreement."  Doc. No. 15 at ¶ 2, Ex. A at 2 (¶ 4 of the Declaration of Counsel); *see also id.* at 3 (¶ 13 of the Declaration of Counsel) ("Because of [Mr. Torres's] fraudulent inducement, Plaintiff entered into the Agreement.").

On August 8, 2023, Defendants filed a Notice of Non-Opposition to Motion for Entry Of Default.  Doc. No. 15 at ¶ 2, Ex. A at ¶ 7.  Thus, on August 30, 2023, Plaintiff obtained a default judgment (the "Judgment") against Mr. Torres and Rawson, in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, Case No. CV01-22-08143, in the amount of $111,211.72 plus interest.  Doc. No. 15 at ¶ 2; Doc. No. 15 at ¶ 2, Ex. A at 6-7.

MEMORANDUM DECISION - 5

Plaintiff suffered damages in the amount of the Judgment, including actual damages from Mr. Torres's fraudulent withholding of her unearned deposit after the agreement was terminated, the difference between the bargained-for barn and the actual cost built by a different contractor, costs incurred as a result of Mr. Torres's false and misleading statements, attorney fees, and interest.  Doc. No. 15 at ¶ 2, Ex. A at ¶¶ 11, 13, 14, 16.  Mr. Torres is personally liable for the Judgment, including the entity's obligations, because Rawson was operated as Mr. Torres's alter ego because it was undercapitalized, did not observe corporate formalities, and commingled funds.  Doc. No. 15 at ¶ 2.

### III. APPLICABLE LAW

#### A.  Pleading Standards

Civil Rule 8(a), applicable to this adversary proceeding by Rule 7008, requires that pleadings provide a short and plain statement of a claim entitled to relief.  Similarly, Rule 7012(b) incorporates Civil Rule 12(b)(6), which Civil Rule allows courts to dismiss claims if the complaint fails to state a claim upon which relief may be granted.

Under Civil Rule 12(b)(6), a complaint must provide sufficient facts that, when accepted as true, support a claim as plausible on its face, or it may be subject to dismissal.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022).

A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Boquist*, 32 F.4th at 773.  This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *Boquist*, 32 F.4th at 773.  In doing so, all reasonable inferences must be drawn in favor of the

MEMORANDUM DECISION - 6

claimant, and all factual allegations must be accepted as true. *Boquist*, 32 F.4th at 773 (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)); *Doe I v. Cisco Systems, Inc.*, 73 F.4th 700, 713 (9th Cir. 2023), *cert. granted*, (Jan. 9, 2026) (No. 25-579).

However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and such legal conclusions are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678; *Cisco Systems, Inc.*, 73 F.4th at 713. The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief'" and is therefore insufficient under Civil Rule 8(a). *Iqbal*, 556 U.S. at 679. Ultimately, the claim presented must provide a cognizable legal theory and sufficient facts to support that theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)); *In re Tracht Gut, LLC,* 836 F.3d 1146, 1151 (9th Cir. 2016). When considering the plaintiff's complaint under this standard, the court may consider exhibits attached to and documents incorporated by reference in the complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008); *Gugino v. Wells Fargo Bank Northwest N.A. (In re Lifestyle Home Furnishings, LLC)*, 2009 WL 1270317, at *2 (Bankr. D. Idaho 2009).

Notably, where a plaintiff proceeds pro se, the court must construe the pleading liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers," to "afford the petitioner the benefit of any doubt." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). Nevertheless, a liberal

MEMORANDUM DECISION - 7

interpretation does not relieve a pro se plaintiff of the obligation to conform with pleading requirements; a court will not supply essential elements of a claim that are otherwise absent from the complaint.  *Boquist*, 32 F.4th at 774.

Rule 7009, which incorporates Civil Rule 9(b), imposes a heightened pleading standard requiring that allegations of fraud must be stated "with particularity."  When pleading fraud, the plaintiff must include "the who, what, when, where, and how of the misconduct charged" and "set forth what is false or misleading abut a statement, and why it is false."  *Ebeid ex. Rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citations omitted).  The allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge."  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).

Only the defendant's alleged misrepresentations, fraudulent omissions, or other deceptive conduct must be stated with particularity while intent and knowledge may be alleged generally.  *Spring Creek Cap., LLC v. Hawkes (In re Hawkes)*, 2020 WL 1170708, at *3 (Bankr. D. Idaho 2020).  In addition to pleading claims of fraud or mistake with particularity, plaintiffs must also plead plausible allegations to conform with Civil Rule 8(a) and *Iqbal.  Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

## B.  Exception to Discharge under § 523(a)(2)(A)

The Amended Complaint seeks a determination that the debt owed to Plaintiff by Defendants is excepted from discharge pursuant to § 523(a)(2)(A).  Under that statute, an individual debtor will not be discharged from any debt:

> (2) for money, property, services, or an extension renewal, or refinancing of credit, to the extent obtained by –

MEMORANDUM DECISION - 8

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

§ 523(a)(2)(A).

To state a claim under § 523(a)(2)(A) of "false pretenses" or "false representation," the plaintiff must show by a preponderance of the evidence:

> (1) Misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement of conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Idaho Dept. of Labor v. Tileh (In re Tileh),* 665 B.R. 447, 457 (Bankr. D. Idaho 2024); *see also Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).  An express misrepresentation is a "false representation" under § 523(a)(2)(A), while a false pretense is an implied misrepresentation or conduct intended to manufacture a false impression.  *Reingold v. Shaffer (In re Reingold)*, 2013 WL 1136546, at *3 n.4 (9th Cir. BAP Mar. 19, 2013) (citations omitted).

Additionally, the Supreme Court of the United States has held that a misrepresentation is not an element of "actual fraud" under § 523(a)(2)(A), which "encompasses forms of fraud . . . that can be effected without a false representation."  *Husky Int'l Elecs. v. Ritz*, 578 U.S. 355, 359 (2016).  "The word 'actual' has a simple meaning in the context of common-law fraud: It denotes any fraud that 'involv[es] moral turpitude or intentional wrong.'"  *Id.* at 360 (quoting § 523(a)(2)(A); *Neal v. Clark*, 95 U.S. 704, 709 (1877)).

It is not only express misrepresentations that qualify under § 523(a)(2)(A), but omissions may as well.  "Omitting critical facts which a debtor has a duty to disclose may lead to a finding of fraud[.]"  *Daniel v. Del Valle (In re Del Valle)*, 577 B.R. 789, 802 (Bankr. C.D. Cal. 2017)

MEMORANDUM DECISION - 9

(citations omitted).  The determination of whether there is a duty to disclose requires the

bankruptcy court to look to the common law concept of fraud, found in the Restatement.  *Id.*

(citing *Field v. Mans*, 516 U.S. 591, 71 (1995); *Apte v. Japara M.D., F.A.C.C., Inc. (In re Apte)*,

96 F.3d 1319, 1324 (9th Cir. 1996)).  "[A] party to a business transaction has a duty to disclose

when the other party is ignorant of material facts which he does not have an opportunity to

discover."  *In re Apte*, 96 F.3d at 1324.

As this Court has recognized, there is a duty to disclose under the Restatement in the

following circumstances:

> (1) One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.
>
> (2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated,
>
>> (a) matters known to him that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them; and
>>
>> (b) matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading; and
>>
>> (c) subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so; and
>>
>> (d) the falsity of a representation not made with the expectation that it would be acted upon, if he subsequently learns that the other is about to act in reliance upon it in a transaction with him; and
>>
>> (e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the

MEMORANDUM DECISION - 10

> other, because of the relationship between them, the customs
> of the trade or other objective circumstances, would
> reasonably expect a disclosure of those facts.

*Husky v. Tolman (In re Tolman)*, 491 B.R. 138, 152 (Bankr. D. Idaho 2013) (quoting

Restatement (Second) of Torts § 551).

While the federal law standard as to fraudulent omissions, as provided by the

Restatement, applies in the context of an exception to discharge action, reference to the "state

law standard for nondisclosure . . . can be instructive." *In re Del Valle*, 577 B.R. at 802.

Idaho law is consistent with the Restatement. *See In re Tolman*, 491 B.R. at 152 n.37

(noting that the Idaho supreme court has relied upon Restatement § 551) (citing *Saint Alphonsus*

*Reg'l Med. Ctr. v. Krueger*, 861 P.2d 71, 77-78 (Idaho Ct. App. 1992)). In the context of a

contractor, Idaho law states "it shall be unlawful for any person to engage in the business of, or

hold himself out as, a contractor within this state without being registered as required under this

chapter." IDAHO CODE § 54-5204(1). A contractor under Idaho law is "[a]ny person who in any

capacity undertakes, offers to undertake, purports to have the capacity to undertake, or submits a

bid to, or does himself or by or through others, perform construction . . . ." IDAHO CODE § 54-

5203(4)(a). Further, a licensed contractor in the State "shall prominently display his contractor

registration number for public view in his place of business, on advertising, contracts, permits,

company or business letterheads, and purchase orders and subcontracts within sixty (60) days of

issue of registration." IDAHO CODE § 54-5214. The Idaho supreme court has regarded a contract

entered into by a contractor required to be licensed in the State, but who was not so licensed at

the time of the contract, to be an "illegal contract." *See, e.g.*, *AED, Inc. v. KDC Invests., LLC*,

307 P.3d 176, 184 (Idaho 2013) (conducting the analysis of Idaho law and concluding that a

MEMORANDUM DECISION - 11

contract entered into by an unlicensed contractor is an unenforceable "illegal contract" regardless of whether the contractor later obtained a license after the contract was signed).

Finally, exceptions to discharge, including claims under § 523(a)(2)(A), should be liberally construed in favor of the debtor and construed strictly against the plaintiff. *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998, 999 (9th Cir. 1983).

## IV. APPLICATION OF LAW TO THE AMENDED COMPLAINT

The Amended Complaint may be legitimately criticized for being less than clear in some of its allegations. In addition, the Amended Complaint lumps multiple allegations into single paragraphs, a violation of Civil Rule 10(b), applicable in adversary proceedings by Rule 7010. Nevertheless, given Plaintiff's pro se status, and applying the principles of law stated above, the Court finds that the Amended Complaint sufficiently states a claim under § 523(a)(2)(A) as against Mr. Torres. As such, the Motion will be denied with respect to that claim.

More particularly, at this stage of the litigation, the Court finds the Amended Complaint sufficiently states a claim of "false pretenses" or "false representation," pursuant to the following analysis.

### A. Misrepresentation, fraudulent omission, or deceptive conduct

Plaintiff alleges that Mr. Torres "knowingly entered into the agreement without having an active contractor license in the state of Idaho" and that he "misrepresented material facts regarding his experience as a licensed contractor and business operations by falsely creating a website that listed several completed projects that were fraudulent" because the website "depicted several photos of completed projects that were simply copied from other websites [or] photos that were never his projects." Doc. No. 15, at ¶ 2. These allegations state either a fraudulent omission by Mr. Torres regarding his licensure status or an express misrepresentation

MEMORANDUM DECISION - 12

to Plaintiff regarding his status before executing the Agreement.  Either a fraudulent omission or an express statement regarding the licensure status, if proven, may establish the first element of a § 523(a)(2)(A) claim of "false representation."

Courts have held that omission of a debtor-contractor's licensure status may be a fraudulent omission under § 523(a)(2)(A).  *See, e.g.*, *Miller v. Miller (In re Miller)*, 2025 WL 40884, at *13 (Bankr. C.D. Cal. Jan. 7, 2025) (holding debtor-contractor "misrepresented the status of his license . . . by fraudulent omission[,]" because during the project, the debtor-contractor "held himself out to Plaintiffs to be a licensed contractor despite his license being in 'inactive' status beginning July 2021"); *but see In re Sabban*, 600 F.3d at 1223 (holding that while the contractor made a misrepresentation regarding the status of his license, the state court's determination that no damages were proximately caused by this misrepresentation resulted in a state court judgment amount being held dischargeable as provided by California law).

In addition, the allegations regarding the representations by Mr. Torres on his website—with projects shown that were not completed by him—if proven may establish a "false representation" or "false pretenses" under § 523(a)(2)(A).  It may be reasonably inferred from this allegation in the Amended Complaint that Mr. Torres may have been attempting to give a false impression that the work portrayed on his website is evidence of his ability to perform similar work for other customers, including Plaintiff.

Misleading statements on a debtor's website to induce customers to purchase services may be a basis to establish the first element of § 523(a)(2)(A) with respect to a false representation, if proven.  *See, e.g.*, *United States v. MyLife.com Inc. (In re MyLife.com Inc.)*, 2023 WL 4875913, at *8 (Bankr. C.D. Cal. July 31, 2023) (giving preclusive effect to a determination by the district court that the debtor "created a misleading website to induce

MEMORANDUM DECISION - 13

consumers to purchase its services" and finding such a determination was sufficient to establish the first element of a § 523(a)(2)(A) claim); *see also Boccella v. Purington (In re Purington)*, 2012 WL 1945510, at *10 (Bankr. D.N.J. May 30, 2012) (holding that representations by the debtor-contractor in an advertisement "painted a picture of [the contractor's] company as an established enterprise that was qualified to accomplish the work being solicited . . . despite the fact that [the contractor] had engaged in only one minor job . . . and had not registered her company as a construction contractor in New Jersey" sufficient to form the basis for meeting the first element of a § 523(a)(2)(A) claim).

For purposes of the Motion, the Court concludes that the Amended Complaint sufficiently states this element of a § 523(a)(2)(A) claim against Mr. Torres.

**B. Knowledge of the falsity or deceptiveness of the statement or conduct**

Plaintiff states that "[Mr. Torres] knowingly entered into the agreement without having an active contractor license in the state of Idaho."  Doc. No. 15 at ¶ 2.  Plaintiff also asserts that the photos on Mr. Torres's website were false representations as they depicted work completed by others.  Doc. No. 15 at ¶ 2.  These facts alleged by Plaintiff, when presumed as true for purposes of the Motion, are sufficient to withstand a motion to dismiss on this element as well. They sufficiently allege that Mr. Torres knew such representations or omissions were false because he knew he did not have an active contractor's license and he knew the photos were not his projects, yet he portrayed on his website to Plaintiff that the projects were his own.

**C. Intent to deceive**

"Not only must there be a representation of material fact which is false, the representation must be made with the intention and purpose to deceive."  *Carnes v. Jones (In re Jones)*, 2024 WL 1608570, at *3 (Bankr. D. Idaho 2023) (quoting *Welch v. Laraway (In re Laraway)*, 2010

MEMORANDUM DECISION - 14

WL 3703272, at *7 (Bankr. D. Idaho Sept. 13, 2010)).  Direct evidence of a party's intent to deceive is rarely available; instead, it may be inferred from circumstantial evidence and the totality of the circumstances.  *Brown v. Johnson (In re Johnson)*, 2021 WL 560093, at *6 (Bankr. D. Idaho 2021).  This intent may be satisfied where a debtor has shown a reckless disregard for the truth.  *In re Jones*, 2024 WL 1608570 at *3.

Here, assuming the facts as alleged and incorporated by the exhibit are true, Mr. Torres was not licensed and implied on his website that the work of others was his own.  Doc. No. 15 ¶ 2; Doc. No. 15 ¶ 2, Ex. A at ¶ 13.  Plaintiff alleges this fraudulently induced her to enter the Agreement with an intent to deceive her.  Doc. No. 15 at ¶ 2.

Taking the allegations in the Amended Complaint as true and in the totality of the circumstances, Plaintiff has sufficiently asserted facts to suggest that Mr. Torres intended to deceive Plaintiff.

**D.  Justifiable reliance**

In addition to showing there was a knowing, intentional misrepresentation or fraudulent omission, a plaintiff must also demonstrate that they justifiably relied on the misrepresentation or omission.  This is a subjective standard assessing the qualities and characteristics of a particular plaintiff, knowledge and relationship of the parties, and the circumstances of the particular case, rather than a common, uniform standard applied in all cases.  *In re Johnson*, 2021 WL 560093, at *6 (citing *Field v. Mans*, 516 U.S. at 71).

Reading the Amended Complaint liberally, Plaintiff relied on either Mr. Torres's fraudulent omission regarding his licensure status or an express false statement as to his licensure status.  Doc. No. 15 at ¶ 2.  Further, in entering into the Agreement, Plaintiff relied on Mr. Torres's website, which showed pictures of projects that he had completed.  Doc. No. 15 at ¶ 2.

MEMORANDUM DECISION - 15

In the Motion, Mr. Torres argues that the Amended Complaint is defective in this regard because Plaintiff does not specifically state that she reviewed the website in making her decision to hire Mr. Torres.  *See* Doc. No. 18 at 6.  However, while the Amended Complaint is not express in this regard, the Court finds nevertheless that it may be reasonably inferred from Plaintiff's allegations in the Amended Complaint that she viewed the website prior to entering into the Agreement with Mr. Torres.  *See* Doc. No. 15 ¶ 2 ("[Mr. Torres's] website depicted several photos of completed projects that were simply copied from other websites, photos that were never his projects, upon which Plaintiff justifiably relied . . . .").

Accepting the allegations as true, Plaintiff has asserted sufficient facts to demonstrate a justifiable reliance on the omissions or representations that Mr. Torres was a licensed contractor and capable of constructing the barn in a manner consistent with the photos depicted on the website, which were not Mr. Torres's work.

### E.  Damages

Lastly, Plaintiff must show that she incurred damages as a proximate cause of Mr. Torres's fraudulent conduct, where the debt is traceable to the alleged fraud.  *In re Sabban*, 600 F.3d at 1223; *In re Johnson*, 2021 WL 560093, at *7.  The Amended Complaint and accompanying exhibits sufficiently plead facts satisfying this element (*see* Doc. No. 15 at ¶ 2). However, the Court notes that the proof at trial or on dispositive motion will need to address how the damages incurred by Plaintiff in this case are traceable as the proximate cause of Mr. Torres's representations or omissions (or other proven fraud).

### VI. CONCLUSION

Read liberally, the Amended Complaint asserts factual allegations sufficient to support Plaintiff's claim for relief under § 523(a)(2)(A) as to Mr. Torres.  In so holding, the Court

MEMORANDUM DECISION - 16

cautions the Plaintiff that, to prevail at trial, she must provide proof for each of the required elements of § 523(a)(2)(A) by a preponderance of the evidence.  Mere allegations will not suffice.

The Motion is denied with respect to the § 523(a)(2)(A) claim against Mr. Torres, and he shall answer the Amended Complaint.

A separate order will be entered.

DATED: April 17, 2026

Brent R. Wilson
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 17